UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

GLENN GAYHEART,
    Plaintiff,

V.

DIVERSIFIED GAS AND OIL CORPORATION,
    Defendant.

Civil Action No. 7:23-CV-82-KKC

**OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Remand and for Award of Costs and Attorney Fees (DE 6) filed by Plaintiff Glenn Gayheart. With his motion, Gayheart argues that defendant Diversified Gas and Oil Corporation did not remove this matter within the time required under the removal statutes. Diversified argues in response that its untimely removal should be excused because Gayheart deliberately failed to disclose the amount in controversy while the matter was pending in state court.

Gayheart originally filed this action in Knott Circuit Court. He alleges Diversified's negligent operation of a natural gas pipeline close to his property has caused him to suffer property damage and bodily injury. Diversified removed the case arguing that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), which provides for federal jurisdiction over all claims between citizens of different states when the amount in controversy exceeds $75,000.

There is no dispute that Diversified and Gayheart are citizens of different states. Nor does Gayheart dispute that the amount in controversy exceeds $75,000. While the matter was pending in state court, Gayheart served Diversified with an admission that he seeks more than

$75,000 in damages. Gayheart argues, however, that the Court should find that removal was improper because it was not timely.

Generally, a notice of removal must be filed within 30 days of the defendant's receipt of the complaint. 28 U.S.C. § 1446(b). Here, Gayheart filed the state court complaint on May 4, 2022, and the complaint was served on Diversified on May 10, 2022. (DE 1, Notice of Removal at 1.) Diversified did not remove the case until more than a year later, on October 23, 2023.

In its notice of removal, however, Diversified relied on a removal statute that provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). Diversified argued that Gayheart's admission regarding the amount in controversy was the first paper from which it could be ascertained that this case was removable. That admission was served on Diversified on October 20, 2023. Diversified removed the case just a few days later.

A case cannot be removed under this provision, however, more than a year after the state action commences unless the court finds that "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Diversified did not remove the case until more than a year after the state action commenced. It argues, however, that Gayheart acted in bad faith to prevent it from removing this action. It cites another removal statute providing, "[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual

2

amount in controversy to prevent removal, that finding shall be deemed bad faith . . . ." 28 U.S.C. § 1446(c)(3)(B) (DE 9, Response at 5-6.)

Thus, the issue here is whether Diversified has shown that Gayheart "deliberately failed to disclose the actual amount in controversy to prevent removal" while this action was pending in state court. As the removing party, Diversified bears the burden of proof on this issue. *See Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).

Diversified argues that the Court should find bad faith here because Gayheart made a settlement demand of only $75,000 before filing this action and then, well after the one-year removal window passed, he admitted during discovery that he seeks to recover some amount more than $75,000 in damages.

These are not, however, sufficient facts from which the Court can find that Gayheart deliberately failed to disclose the actual amount in controversy until the one-year removal window passed. This case is not like the cases that Diversified relies on in support of its argument. In *Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277 (M.D. Fla. 2014), the court found that the plaintiff "acted in bad faith by concealing information relevant to the actual amount in controversy in order to prevent removal." *Id*. at 1281. However, in that case, the plaintiff specifically stated in his complaint that his damages were "less than $75,000." *Id*. at 1278. Moreover, in response to the defendant's interrogatories served before the one-year window passed, the plaintiffs stated his damages were just over $17,000. *Id*. Then, after the one-year window had passed, without any explanation, the plaintiff amended his complaint alleging damages of more than $75,000. *Id*. at 1279.

In finding bad faith, the court determined that plaintiff's assertion in his original complaint that he sought less than $75,000 was an "affirmative representation that federal

3

jurisdiction did not exist" and that the defendant was entitled to rely on that in assessing whether removal was proper. *Id*. at 1282. The court also noted that the plaintiff amended his complaint after the one-year removal window with no "rationale for the change" in damages. *Id*. Thus, the court found "no plausible reason for the sudden increase in damages aside from bad faith attempts to remain in State court." *Id*.

Diversified also cites *Patel v. Kroger Co.*, No. 1:13-CV-02901-JOF, 2013 WL 12068988 (N.D. Ga. Nov. 12, 2013). In that case, however, the plaintiff "specifically pleaded $4,540.40 in medical expenses in his complaint." Id. at *2. Moreover, in response to discovery requests, the plaintiff stated he had a lost wage claim for only one week of work, and his "updates throughout discovery showed medical expenses totaling only $8,546." *Patel*, 2013 WL 12068988, at *2. While plaintiff also sought compensation for pain and suffering, the court stated, "it is well understood by counsel and the court that there is some proportional relationship between medical expenses and eventual damages." *Id.* Thus, the court found that, plaintiff's discovery responses indicating medical expenses of less than $10,000 "assured" the defendant that the amount in controversy did not exceed $75,000. *Id*. at 3.

Moreover, in *Patel*, the defendant sought to determine the plaintiff's damages before the one-year window passed, and the plaintiff avoided answering. The defendant asked counsel twice for a settlement demand within the one-year removal window, but plaintiff failed to respond both times. *Id*. at *1. It was not until after the removal window passed that the plaintiff made a settlement demand of $1.4 million. *Id*.

Here, unlike in *Patel* or *Hill*, Gayheart did not set forth in his complaint the amount of damages he sought. This was not to avoid disclosing the true amount in controversy. The Kentucky Rules of Civil Procedure prohibit plaintiffs from setting forth damages in their

4

complaint in cases like this where damages are not liquidated. Ky. R. Civ. P. 8.01(2). Further, unlike *Patel*, Gayheart never represented in discovery responses before the one-year window passed that he sought less than $75,000. Nor did he avoid responding to Diversified's request that he quantify his damages until after the one-year window had passed. In fact, Diversified never asked Gayheart to quantify his damages until after the one-year removal window had passed. That window passed in May 2023. Diversified did not ask Gayheart to quantify his damages until September 22, 2023, when it served Gayheart with Requests for Admissions asking him to admit he sought more than $75,000 in damages. (DE 9, Response at 3; DE 9-2, Response to Request for Admissions.)

Diversified relies on a pre-suit settlement demand by Gayheart for $75,000. It argues that, because Gayheart indicated in the demand letter that he was "willing to negotiate" and had "some room to move on this number," the $75,000 settlement demand should be construed as an affirmative representation that Gayheart would seek a maximum of $75,000 in damages if he had to file the claim. However, a demand that a defendant pay $75,000 or else face a lawsuit could also be a sign that the plaintiff would seek more than that amount if forced to file the action. Either way, the meaning of the demand was not so clear as to constitute an affirmative representation about the amount of damages Gayheart would seek.

Further, in both *Hill* and *Patel*, the plaintiffs significantly increased their damages requests to above $75,000 after the one-year window passed and provided no explanation for the drastic change. Thus, the courts inferred that the passing of the one-year window was the explanation. As discussed, in *Hill*, in response to the defendant's interrogatories served before the one-year window passed, the plaintiff stated his damages were just over $17,000. Then, after the one-year window had passed, the plaintiff amended his complaint alleging damages

5

of more than $75,000. In *Patel*, plaintiff's discovery responses before the one-year window passed indicated medical expenses of less than $10,000. His settlement demand after the window passed was $1.4 million.

Here, Gayheart demanded $75,000 to settle the action before filing suit and then admitted after the one-year window only that he sought some amount above that in damages. Diversified asked Gayheart to admit only that he sought "damages in excess of seventy-five thousand dollars." (DE 9-2, Discovery Responses.) It did not ask him to calculate a damages amount. Gayheart's admission was not so contrary to his $75,000 settlement offer that, without explanation, it permits an inference of bad faith.

Gayheart did demand $300,000 at the parties' only formal mediation. Diversified does not, however, argue that this constituted an affirmative representation of the amount in controversy. Instead, it recognizes that this may have been "an inflated starting point" for purposes of negotiation or "an effort to derail mediation" completely (DE 9, Response at 3). In other words, there were reasons other than the passing of the one-year window for Gayheart to increase his settlement demand at the parties' mediation.

Finally, even after the one-year window passed, Gayheart told Diversified he would settle his claims for $75,000 or below. In fact, he alleges that he would still settle the claims for $75,000. (DE 10, Reply at 1.) Thus, the Court cannot infer that his prior demands for the same amount were a deliberate attempt to hide the true amount in controversy.

For these reasons, the Court finds that Diversified has not met its burden of showing Gayheart deliberately failed to disclose the amount in controversy.

Gayheart also asks the Court to award him attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just

6

costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has determined that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Therefore, "[a]bsent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Gayheart has pointed to no unusual circumstances warranting fees. Moreover, while the Court has determined that Diversified did not meet its burden on removal, Diversified had a reasonable basis for removing this action, especially given the "dearth" of case law on what constitutes "bad faith" under Section 1446(c)(1). *McAdam Properties, LLC v. Dunkin' Donuts Franchising, LLC*, 290 F. Supp. 3d 1279, 1285 (N.D. Ala. 2018).

For all these, the Court hereby ORDERS as follows:

1) the motion to remand (DE 6) is GRANTED;

2) this case is REMANDED to the Knott Circuit Court; and

3) the motion for an award of attorney's fees (DE 6) is DENIED.

This 10th day of June, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY